IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JAMES BURTON, as Class I Beneficiary for the Wrongful Death of John Burton, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:15-cv-05106-SRB |
| ALLIED SERVICES, LLC, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Before this Court is Plaintiff's Motion for Remand (Doc. # 8). For the reasons discussed below, Plaintiff's motion is GRANTED.

### I. BACKGROUND

Plaintiff James Burton originally filed this wrongful death action in the Circuit Court of Newton County, Missouri, against Defendants Steven Perry, a Kansas resident; Allied Services, LLC, Republic Services, Inc., and Allied Waste North America, each Delaware corporations with a principal place of business in Arizona; and CWI of Missouri, a Missouri corporation. On October 22, 2015, Defendants Allied Waste North America and CWI of Missouri, Inc. were dismissed after the state court granted their motion for summary judgment.

On October 23, 2015, Defendants Allied Services, LLC, Steven Perry, and Republic Services, Inc. filed their Joint Notice of Removal claiming this Court has diversity jurisdiction over this action after the dismissal of Defendant CWI of Missouri, Inc. Plaintiff opposes Defendants request for removal of this action.

## II. LEGAL AUTHORITY

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. Id. § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. Id. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). Under the no-local-defendant or forum-defendant rule, a suit cannot "be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The party seeking removal bears the burden of establishing federal jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

## III. ANALYSIS

In the Notice of Removal, Defendants Allied Services, LLC, Republic Services, Inc., and Steven Perry ("Defendants") claim this case should be removed to federal court because CWI of Missouri, Inc. ("CWI"), the nondiverse party, was dismissed from this action after the state court granted summary judgment. Plaintiff counters that removal is improper because diversity was created by court order, not by voluntary dismissal of the nondiverse defendant by Plaintiff. Plaintiff argues Defendants' attempt to remove this case is improper under the well-established

'voluntary-involuntary rule' because diversity jurisdiction cannot be imposed retroactively when a resident defendant is dismissed by an involuntary act.

The Supreme Court adopted "a bright line test for evaluating removability." In re Iowa Mfg. Co. of Cedar Rapids, Iowa, 747 F.2d 462, 463 (8th Cir. 1984). "If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff." Id. "In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed." Id. "Removal is improper, however, if the dismissal of that resident defendant was involuntary." Id.

There is no dispute that CWI was dismissed after the state court granted the motion for summary judgment on October 22, 2015. However, the Court recognizes that "dismissal of a non-diverse defendant after … granting a summary judgment motion in favor of the non-diverse defendant (thereby dismissing claims against him/her) is not considered voluntary as to the plaintiff, and therefore, does not make the cause removable." Power v. Norfolk & W. Ry. Co., 778 F. Supp. 468, 470 (E.D. Mo. 1991). Consequently, removal of this case is not proper because the dismissal of the nondiverse party was not a result of voluntary acts taken by Plaintiff.

Despite this conclusion, Defendants argue that the exception to the voluntary-involuntary rule is triggered because Plaintiff fraudulently joined the nondiverse party. Defendants contend that CWI was fraudulently joined in this action in an effort to prevent the removal of this case to federal court. Defendants further allege that although this case was not initially removable, it became so when the state court granted summary judgment in favor of CWI. Plaintiff denies that the exception is applicable to this case because Plaintiff had alleged sufficient facts to state a plausible claim against CWI, which proves joinder was not fraudulent.

A party may remove an action to federal court following an involuntary dismissal of a nondiverse defendant if the resident defendant was fraudulently joined. Simpson v. Thomure, 484 F.3d 1081, 1083 (8th Cir. 2007) ("[T]he right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'") Joinder is fraudulent if "it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quoting Iowa Public Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977). "However, if there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Id. (citing Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F.Supp.2d 891, 903 (N.D. Iowa 2000)). Joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Id. "By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." Knudson v. Sys. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) (citing Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010)). "The fact that plaintiff was determined to not have had a cause of action against defendant … does not in itself establish fraudulent joinder." Power v. Norfolk & W. Ry. Co., 778 F. Supp. 468, 469 (E.D. Mo. 1991). The removing party bears the "substantial" burden of proving the alleged fraud. Dorsey v. Sekisui Am. Corp., 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999).

Here, Defendants admit "[P]laintiff pled a colorable agency claim against CWI when all of the alleged facts were assumed to be true." (Doc. # 12, p. 12). CWI's motion to dismiss the

state court action for failure to state a claim was denied by the state court which demonstrates that there is at least some reasonable basis in fact and law to state a colorable claim. Even though the state court later found that the claim against CWI did not satisfy the burden required to defeat summary judgment, this fact does not establish that Plaintiff's claims are now somehow fraudulent. Power, 778 F. Supp. at 469. Defendants have not shown that "plaintiff's claim against [CWI] has 'no reasonable basis in fact or law." Kudson, 634 F.3d at 980. Thus, the Court cannot conclude that CWI was fraudulently joined to the state court action to prevent removal.

## IV. Conclusion

The Court finds that CWI was not dismissed by some voluntary action of Plaintiff and Defendants failed to prove that CWI was fraudulently joined. Consequently, this Court lacks jurisdiction over this action because CWI is considered a forum defendant. Accordingly, it is hereby ORDERED that Plaintiff's Motion for Remand (Doc. # 8) is **GRANTED**, but the request for attorneys' fees and costs is **DENIED**[1]. This case is remanded to the Circuit Court of Newton County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Newton County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: December 29, 2015

---

[1] The Court finds Defendants had an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("[C]ourts may award attorneys' fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").